Hill v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-342-CR





DAN ERWIN HILL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL

DISTRICT,


NO. 5961, HONORABLE JOE CARROLL, JUDGE



 




PER CURIAM


 Appellant was convicted by a jury of kidnapping, enhanced
by a prior offense, and sentenced by the trial court to fifteen
years imprisonment. Tex. Pen. Code Ann. § 20.03 (1989). In a
single point of error, appellant contends that the trial court
erred in rendering judgment because of insufficiency of the
evidence. We will affirm the judgment of conviction.

 The complainant testified at trial that appellant got
into his car at a service station and told him to start driving. 
Complainant stated that he felt threatened and was scared for his
safety. When a state trooper later stopped them for speeding,
appellant told complainant that appellant would kill both him and
the state trooper if he said anything to the trooper. After the
trooper left, complainant drove to Lampasas where he had to stop
for gasoline. Complainant testified that he attempted to
communicate with a patron at the service station, but he was unable
to get help because appellant was watching him. Complainant then
drove appellant to a liquor store where complainant was able to
escape, run to a convenience store, and ask a clerk to call the
police.

 The critical inquiry on review of the sufficiency of the
evidence to support a criminal conviction is whether the record
evidence could reasonably support a finding of guilt beyond a
reasonable doubt. This Court does not ask whether it believes that
the evidence at trial established guilt beyond a reasonable doubt. 
Instead, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Cr.
App. 1981). On the record before us, we conclude that the jury
could have found the essential elements of kidnapping beyond a
reasonable doubt, including the fact that appellant restrained
complainant. Appellant's point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: June 12, 1991

[Do Not Publish]